# D.

## Case No. 18,287.

### DARRELL v. BROOKE.

[2 Hayw. & H. 329.] [1]

Circuit Court, District of Columbia. May 31, 1859.

WILLS OF PERSONAL PROPERTY — EXECUTION — QUESTION FOR JURY.

It is not necessary to the validity of a will of personal property that it should have a date, or that it should be in the handwriting of the testator, or signed by him, or have any subscribing witness, provided it was drawn at his request, and according to his dictation; he being then of sound and disposing mind, and capable of executing a valid deed or contract, which the court held was a question for the jury to decide.

At law. Issue from the orphans' court as to the validity of a paper purporting to be the last will and testament of the late Benjamin E. Brooke, of the marine corps.

Petition of Lucy M. Darrell: That whereas her uncle, the late Captain Benjamin E. Brooke, United States marine corps, recently deceased, leaving an instrument in the nature of a last will and testament, which testamentary paper is here shown to the court, and by which she, the said Lucy M. Darrell, is made the legatee of her said uncle, she therefore prays this honorable court to place the said testamentary paper upon file, and to afford her further time to procure the attendance of her witnesses for the purpose of fully establishing the validity of said testamentary paper. Also that Walter T. Brooke, as next of kin, be summoned to show cause, if any he has, why this petition should not be granted, &c.

Answer of Walter T. Brooke: That the paper referred to in the petition (of Lucy M. Darrell) is not the last will and testament of the late Benjamin E. Brooke, and is not an instrument in the nature of a last will and testament of the said Benjamin E. Brooke, and is not a testamentary paper, or any paper whatever of the said Benjamin E. Brooke. That he objects. That the said paper ought not to be admitted to probate, and he prays that an issue or issues in the premises may be framed and sent to the circuit court to be tried, &c.

Issue: "Whether the paper writing propounded by the said Lucy M. Darrell be the last will and testament of the said Benjamin E. Brooke, deceased."

The words of the will are as follows: "To Wm. S. Darrell, clerk in the general post office, Washington, D. C., for Lucy Martha Darrell, his daughter, to whom I wish all my effects to be given, except my gold watch, which is to go to my brother Walter T. Brooke, clerk in the general land office, Washington, D. C." It was not written by the testator, nor signed or sealed by him, nor was it witnessed.

Fendall, Davidge & Booker, for propounder.
Bradley, Carlisle & Maury, for caveator.

THE COURT decided: 1. That it is not necessary to the validity of a will of personal property that it should have any date; that it should be in the handwriting of the testator, or signed by him, or have any subscribing witnesses, provided it was drawn at his request, and according to his dictation, he being then of sound and disposing mind, and capable of executing a valid deed or contract, and that it had not been revoked.

2. That if the decedent was a lunatic, having lucid intervals, and the will was made during a lucid interval, it was valid.

3. That if, at a time subsequent to the making of such will, the testator, being then of sound and disposing mind, &c., referred to and described it as his last will and testament, and it had not been revoked. he thereby adopted it as his last will and testament, and this adoption made it his last will and testament; provided, that at the time of the adoption he was of such sound and disposing mind, &c., whether or not he was of sound and disposing mind, &c., when the paper purporting to be a will was originally made.

4. That if the will is consonant to the testator's declarations, conduct and feelings towards the person in whose favor it was made (his niece) and towards the objector (his brother) such consonance is entitled to weight with the jury in determining whether it was made in a lucid interval, &c.

5. That if the testator, for some time before the making of the will, had been subject to a bodily disease, attended by great depression of spirits, causing particular hallucinations of mind amounting to morbid delusion on those subjects, but that on all other subjects the testator was entirely sane, and that the will

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

had no connection with such morbid delusion, then it is a question for the jury, whether or not, under all the facts and circumstances in evidence in the cause the testator was of sound and disposing mind and capable of executing a valid deed or contract.

The verdict of the jury was that the paper was the last will and testament of the testator.